**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00357-CR

———————————

## MICHAEL BELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1663870**

---

## MEMORANDUM OPINION

After appellant, Michael Bell, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of aggravated robbery,[1] the trial court deferred adjudication of his guilt and placed him on community supervision

---

[1]   *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b).

for five years. The State, alleging numerous violations of the conditions of appellant's community supervision, later moved to adjudicate his guilt. After a hearing, the trial court found certain allegations true, found appellant guilty, and assessed his punishment at confinement for ten years. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that she provided appellant with a copy of the *Anders* brief, her motion to withdraw, and the appellate record. Counsel also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief. Further, counsel provided appellant with a form motion to access the appellate record and a motion for extension of time to file his *Anders*

response.[2]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in the appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[2]  This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and a file response to his counsel's *Anders* brief.  And this Court provided appellant with a form motion to access the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

## Conclusion

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[3] Attorney Sunshine L. Crump must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

### PER CURIAM

Panel consists of Chief Justice Adams and Justices Guiney and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appellant's counsel still has a duty to inform appellant of the result of the appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).